**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JINBEI XUE,

             Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

             Respondent.

No. 12-73492

Agency No. A087-848-870

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

    Jinbei Xue, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We grant the petition for review, and we remand.

Substantial evidence does not support the BIA's reliance on Xue's inability to recall the days of the week on which specific events occurred. *See Ren v. Holder*, 648 F.3d 1079, 1085-86 (9th Cir. 2011) (inconsistency regarding day incident occurred was "manifestly trivial" and could "not form a basis for an adverse credibility determination"). Substantial evidence also does not support the BIA's reliance on Xue's omission of being taken to a court because, contrary to the BIA's finding, Xue was never asked about this omission. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (IJ must provide opportunity to explain any inconsistencies that form basis for denying claim). Finally, the inconsistency regarding whether the six signatories on a witness statement were arrested with Xue does not support the adverse credibility finding. *See Ren*, 648 F.3d at 1087 (finding "initial error" was "a quickly-corrected innocent mistake"). Accordingly, we grant the petition for review and remand Xue's asylum and withholding of removal claims on an open record for further proceedings

consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002)

(per curiam); *Soto-Olarte*, 555 F.3d at 1095-96.

**PETITION FOR REVIEW GRANTED; REMANDED.**